UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LANEAR,<br><br>              Plaintiff,<br><br>      v.<br><br>JEFF MACOBMER,<br><br>              Defendant. | No.  2:23-cv-2963 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 2, 5, 8.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).

4      II.    <u>Statutory Screening of Prisoner Complaints</u>

5      The court is required to screen complaints brought by prisoners seeking relief against "a
6  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).
7  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
8  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
9  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

10      A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
11  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
12  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
13  theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639,
14  640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as</u>
15  <u>stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
16  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
17  <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

18      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
19  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
20  what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550
21  U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).
22  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
23  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>,
24  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
25  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
26  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
27  speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain
28  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint[1] alleges that defendant Macomber has violated plaintiff's First and Fourteenth Amendment rights by implementing section 3177(b)(1) of title 15 of the California Code of Regulations,[2] which disqualifies prisoners who have been convicted of sex offenses from being eligible for overnight family visits. ECF No. 4 at 8-30. Plaintiff has requested and been denied the ability to have a family overnight visit because he was previously convicted of a sex offense. Id. Attachments to the complaint show that plaintiff was denied family visiting privileges because he has a conviction for rape (Penal Code § 261). Id. at 198-99. He asserts that the policy excluding sex offenders from having overnight family visits is discriminatory and has no legitimate penological purpose. Id. at 8-30.

////

---

[1] The original complaint submitted by plaintiff did not contain any allegations and instead referenced an attachment that was not provided. ECF No. 1. Plaintiff subsequently submitted the first amended complaint, which contained the missing attachment, along with an explanation that he had been unable to provide the attachment through the e-filing program and was therefore required to mail a complete copy of his complaint to the court. ECF Nos. 4, 7.

[2] Section 3177(b)(1) provides that "[f]amily visits shall not be permitted for inmates convicted of . . . any sex offense" and includes a nonexclusive list of applicable penal code sections, including Penal Code § 261.

IV.     Failure to State a Claim

    A.      Equal Protection

The complaint largely argues a violation of plaintiff's rights under the Equal Protection Clause, which requires the State to treat all similarly situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted). Alternatively, plaintiff can show "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). "Similarly situated" persons are those "who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992) (citation omitted). "[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity" and "cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." Heller v. Doe, 509 U.S. 312, 319-20 (1993).

The Ninth Circuit has held that sex offenders do not constitute a suspect or protected class. United States v. Juvenile Male, 670 F.3d 999, 1009 (9th Cir. 2012) ("We have previously rejected the argument that sex offenders are a suspect or protected class." (citing United States v. LeMay, 260 F.3d 1018, 1030-31 (9th Cir. 2001))). Moreover, "it is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits," Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002)) (citations omitted), and restrictions on contact visits, including those based on a prisoner being convicted of a sex offense, have a rational basis. See Block v. Rutherford, 468 U.S. 576, 586-88 (1984) ("That there is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion."); Shallowhorn v. Molina, 572 F. App'x 545, 547 (9th Cir. 2014) (California had rational basis for promulgating Cal. Code Regs. tit. 15, § 3173.1(d), which restricts visitation with minors for inmates convicted of specified sex offenses). Finally, plaintiff

4

does not allege that he is being treated differently from similarly situated inmates, he alleges that he is being treated differently from inmates who have not committed sex offenses and who are therefore not similarly situated. Because plaintiff cannot state an equal protection claim, the claim should be dismissed.

### B.  Due Process

Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted). But, as already addressed above, prisoners have no constitutional right to contact or conjugal visits, Gerber, 291 F.3d at 621; Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (prisoners have no constitutional right to contact visits), and "[t]he denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence,'" Ky. Dep't of Corr. V. Thompson, 490 U.S. 454, 461 (1989) (quoting Hewitt v.Helms, 459 U.S. 460, 468 (1983)). The denial of plaintiff's request for overnight family visits therefore did not violate his due process rights.

### C.  Freedom of Association

"An inmate does not retain rights inconsistent with proper incarceration." Overton v. Bazzetta, 539 U.S. 126, 131 (2003) (citations omitted). "[F]reedom of association is among the rights least compatible with incarceration." Id. (citations omitted). It is not necessary to determine the extent to which freedom of association survives incarceration if the regulation at issue bears a rational relationship to legitimate penological interests. Id. at 132-33 ("We need not attempt to explore or define the asserted right of association at any length or determine the extent to which it survives incarceration because the challenged regulations bear a rational relation to legitimate penological interests."). As addressed above, there is a rational basis for the regulation making prisoners ineligible for family overnight visits if they have been convicted of a sex offense and plaintiff therefore cannot state a claim for violation of his rights to free association.

### D. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint

could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that given the nature of the claims, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

E.  Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

It is being recommended that your complaint be dismissed without leave to amend because there is no constitutional right to family overnight visits and the denial of your request because you were convicted of a sex offense is rationally related to legitimate government interests.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's requests for leave to proceed in forma pauperis (ECF Nos. 2, 5) are GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.  The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE